IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARY DANNY MARKS,**

        **Plaintiff,**

    v.                  CASE NO. 13-3208-SAC

**DEAN BUSH, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Ford County Detention Center, Dodge City, Kansas (FCDC). Plaintiff complains of conditions at the FCDC including alleged denial of prescribed medication, denial of legal materials and library access, and placement in segregation without due process. Having considered the materials filed, the court finds that the complaint is deficient in several ways. Plaintiff is given time to cure the deficiencies. If he fails to do so within the prescribed time, the complaint or portions thereof may be dismissed without further notice.

### FILING FEE

The fee for filing a civil rights complaint in federal court is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00; and for one granted leave to proceed in forma pauperis the fee is $350.00. Plaintiff has filed a motion

1

for leave to proceed without prepayment of fees together with a financial affidavit in support (Docs. 2, 3). Although, the financial information provided by Mr. Marks does not show monthly balances, it appears that he is unable to pay the filing fee or an initial partial filing fee at this time. Mr. Marks is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account.[1] Accordingly, plaintiff's motion for leave to proceed without prepayment of fees is granted. As a result, he is assessed the full fee to be paid in installments as funds become available.

**ALLEGATIONS AND CLAIMS**

Plaintiff alleges claims under five counts, which the court has construed as three counts instead.[2] Under his Counts I, II and III, plaintiff claims that he is being denied necessary medical treatment. He asserts that his rights under the Eighth and Fourteenth Amendments of the United States Constitution, the due process clause, and equal

---

[1] Pursuant to § 1915(b)(2), the finance office of the facility where plaintiff is confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

[2] Plaintiff also attaches numerous exhibits within and at the end of his complaint. Exhibits and other evidence should not be submitted with a complaint, and plaintiff's exhibits do little to support his asserted claims. However, when exhibits are attached to a complaint, relevant portions may be considered part of the complaint. At the same time, the court is not obliged to parse numerous exhibits for elements that plaintiff omitted from his complaint.

protection clause are being violated as a result. The court construes these three claims as plaintiff's Count I. As factual support for this count, Mr. Marks alleges as follows in his "Nature of Case" and supporting facts. Since January 2013, plaintiff complained about shoulder pain. He was seen by "P.A. Dr. Mark Thomas" several times, but medications Thomas prescribed failed to work. P.A. Thomas arranged for plaintiff to see a specialist, Dr. Kyi, who diagnosed plaintiff with a "Hill-Sachs Deformity" and prescribed "Tylenol 3 pain relief." Plaintiff has never received this prescribed medication because "the jail" will not provide it to him. On August 21, 2013, he went to see P.A. Thomas again who wrote "several orders" that day, but none was filled. The defendant "Facility Med Pass Nurse Mike Linsby" told plaintiff that all "orders" for him were "cut" because Linsby and defendant Captain Chris Weis "felt they were unsuitable" and were trying to lower the facility's medical costs. Either defendant Captain Weis or defendant Linsby stated in writing that he denied these "orders" because plaintiff's jail account is "close to $1000.00 in the negative," which is contrary to the rule book providing that medical care will not be denied due to an inability to pay. "The defendant" failed to establish a procedure in accord with regulations, and to properly exercise his or "their official and supervisory duties." As a result of this denial of prescribed medication and medical negligence, plaintiff has experienced excruciating pain, been

3

restricted from running and exercise, and is now disabled.

In plaintiff's Count IV, now treated as Count II, he generally asserts that he is being denied equal protection of the law. However, among his allegations made in support and in his "Nature of Case," he also asserts that he is being denied access to the courts. As factual support for this count, Mr. Marks alleges that "the defendant" has not allowed "indigent and/or administrative segregation (ad seg) pre-trial detainees the same rights and/or privileges as all other pre-trial detainees housed in the (FCDC) general population" in that "indigent pre-trial detainees" are denied "legal copies and envelopes (manilla)(sic) to mail legal paperwork, documents and motions" and, under ad seg regulations, are not afforded adequate access to the law library. In support of the latter allegation, he states that he is in ad seg and is limited to 20 minutes twice a week in the law library and that the library provides no book check-out and no printer to print off legal research information. He then alleges that "[t]he defendant" has denied him legal copies, legal postage, large envelopes, and adequate time in the law library based upon his indigency, including his having a negative account balance of nearly $1000.00 as well as his pre-trial detainee/ad seg status.

In plaintiff's Count V, now treated as Count III, Mr. Marks claims that he has been denied due process and equal protection of the law in connection with his placement in ad seg. In support, he

4

alleges in his Nature of Case and under this Count as follows.  On October 6, 2013, he was placed on thirty-days "disciplinary lockdown" after a "manufactured weapon" was found in his cell and was "given this sanction before receiving a hearing and/or due process rights." He was told that a detainee at the FCDC is required to "ask for due process" within 24 hours of an incident, but he was unaware of this rule.  At the same time, he was also placed in ad seg, but was given "no pre-administrative seg. hearing sheet" advising "him of his rights."  To date, he remains in ad seg with no hearing.  He is thus in ad seg without having received the "same rights and/or privileges as any other pre-trial detainee" at the FCDC or "any other inmate who is housed in" an ad seg unit.

Plaintiff seeks a declaratory judgment that defendants' acts "regarding policies and procedures described" in the complaint violate his constitutional rights; and that the physical, mental and emotional abuse and failure to take action by defendants Bush, Lane, Weis, Thomas, and Linsby violated his rights under the Eighth and Fourteenth Amendments.  Plaintiff seeks an injunction ordering "defendants or their agents" to: provide immediate examination "by a qualified medical doctor" and any treatment ordered by that doctor without delay; reinstate "plaintiff's medical orders" prescribed by defendant P.A. Thomas on August 21, 2013; allow plaintiff access to the courts "by granting legal copies, envelopes, and postage each month;" and develop a "more comprehensive approach" to treatment of

5

medical needs at the FCDC. Plaintiff also seeks compensatory, punitive and nominal damages.

**SCREENING**

Because Mr. Marks is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level, and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)(citation omitted). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, the complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The court "will not supply additional factual allegations

to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. Having screened all materials filed, the court finds that the complaint or portions thereof are subject to being dismissed for the reasons that follow.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION OF EACH DEFENDANT**

An essential element of a civil rights complaint against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation omitted)("[P]ersonal participation in the specific constitutional violation complained of is essential."); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). Moreover, "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). A

7

supervisor may not be held liable based solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476, n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). Thus, in order for a supervisor to be held liable under § 1983, he or she must have personally participated or acquiesced in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). An "affirmative link" must exist between the constitutional deprivation and "either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id*. at 1527. This link is satisfied if "a supervisor has established or utilized an unconstitutional policy or custom." *Id*. at 1528.

Plaintiff names as defendants five individuals alleged to be employees of the FCDC: Ford County Sheriff Dean Bush, Ford County Undersheriff James Lane, FCDC Captain Chris Weis, P.A. Mark Thomas, and Nurse Mike Linsby. He fails to plead personal involvement on the part of three of these defendants. His repeated reference to "the defendant" throughout his complaint does not provide any individual defendant with notice as to the basis for plaintiff's lawsuit against him. Plaintiff identifies no actions taken by defendants Sheriff Bush, Undersheriff Lane, or P.A. Thomas that infringed upon his constitutional rights. In fact, he makes no reference to either Bush or Lane by name or the actions of either in the complaint. His initial identification of Bush and Lane and

8

his requests for relief suggest that he sues them based upon their supervisory capacities. He makes bald allegations regarding a policy or lack thereof at the FCDC, but falls far short of adequately describing any unconstitutional policy or custom. He also makes the contradictory statements that he is being denied treatment contrary to administrative rules and that his placement in ad seg without notice and a hearing was contrary to normal practice. Furthermore, the Tenth Circuit has held that the mere affirmance of the denial of a grievance is inadequate for personal participation. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

The allegations plaintiff makes regarding defendant P.A. Thomas indicate that this defendant treated Mr. Marks, albeit without success, referred him to a specialist, and wrote prescriptions that were not filled by others. Such allegations show that defendant Thomas provided, rather than denied, medical treatment. Even if these allegations amounted to a claim of negligence, they are insufficient to state a federal constitutional claim under § 1983.

Plaintiff does refer to defendant Nurse Linsby in the body of his complaint and describe action taken by Linsby that allegedly denied plaintiff medical treatment. Plaintiff alleges that defendant Linsby told him defendant Weis was also involved in the denial. However, plaintiff's allegations in the second and third counts do not include any reference to a particular defendant or description of any individual defendant's acts that resulted in

9

denial of plaintiff's court access or placement in ad seg without due process. In sum, plaintiff has not adequately alleged the personal participation of three of the five named defendants in any of his counts, and has alleged the participation of the remaining two defendants in only one of his three counts. Plaintiff is required to allege additional facts showing personal participation on the part of each named defendant in every count. If he fails, either the defendant[3] or the count may be dismissed without further notice.

**FAILURE TO STATE DUE PROCESS CLAIM AS TO SEGREGATION**

Plaintiff's allegations regarding his placement in ad seg or lockdown are insufficient to state a claim of denial of due process. With respect to his placement in "disciplinary lockdown," Mr. Marks does not allege that he lost good time as a result of the incident reports that led to this placement. The punishment of segregation for a certain number of days generally "fail(s) to implicate a protected liberty interest." *Hornsby v. Jones,* 392 Fed.Appx. 653, 655 (10th Cir. 2010)(unpublished)[4](citing *Sandin v. Conner*, 515 U.S. 472, 483-84, 487 (1995)). The due process requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), simply do not apply to

---

[3] Plaintiff may join his three counts, which appear to be factually unrelated, in this single action only if they are all against the same defendants. *See* Rules 18 & 20, Federal Rules of Civil Procedure.

[4] Unpublished opinions are cited herein for persuasive reasoning and not as controlling authority.

10

"hardly atypical" sanctions, like limited administrative segregation, which "do not rise to the level of disciplinary measures that 'inevitably affect the duration of (plaintiff's) sentence.'" *Hornsby*, 392 Fed.Appx. at 655; *Sandin*, 515 U.S. at 483-84 (Plaintiff's complaint of thirty days in disciplinary segregation does not rise to the level of punishment invoking the Due Process Clause).

Likewise, plaintiff's claim that he was placed in ad seg without notice and a hearing fails to state a claim. An inmate has no constitutional right to be housed in general population rather than ad seg, and no due process right to a hearing prior to his transfer to a more restrictive housing unit. Moreover, these claims are unrelated to plaintiff's other claims, and are not shown to be properly joined. Accordingly, plaintiff's due process claims are subject to being dismissed with prejudice.

**FAILURE TO STATE CLAIM OF DENIAL OF COURT ACCESS**

It is well-established that a prison inmate has a constitutional right of access to the courts. However, to state a claim of denial of that right, the inmate must allege something more than that the jail's law library is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim" and thereby caused him "actual injury." *Lewis v. Casey*, 518 U.S. 343,

11

348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing non-frivolous litigation, such as the inability to meet a filing deadline or to present a claim, or that a non-frivolous legal claim has been dismissed, frustrated or impeded. *Id*. at 350, 353. Moreover, providing law library facilities to an inmate is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id*. at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)). It follows that the inmate represented by counsel provided by the State in a pending action is not entitled to a law library.

Mr. Marks does not state facts showing that any of the alleged denials of copies,[5] postage, envelopes, or additional access to the law library have resulted in actual injury to a non-frivolous lawsuit filed by him. He is given time to allege additional facts sufficient to support his claim of denial of access.

The court expresses concern that a jail official at the FCDC incorrectly advised Mr. Marks that his letter to this court was not "legal mail." But even with this obviously mistaken advice, plaintiff fails to allege facts showing any actual denial of access to this or any other court. The over-80 pages and 7 pleadings that he has managed to file in this case alone clearly refute any claim that he is being denied access to this court.

---

[5] This court accepts hand-written copies, and litigants may prepare handwritten copies for their own records. Notarized copies of pleadings are not required by this court.

12

Furthermore, as previously noted, plaintiff fails to allege facts showing actual personal participation in the denial of his right to access by any person named as a defendant, and proper joinder of this claim with the other two counts is not shown.

**FAILURE TO STATE CLAIM OF DENIAL OF EQUAL PROTECTION**

Plaintiff's allegations of denial of equal protection are clearly nothing more than labels and conclusions. "Equal protection is essentially a direction that all persons similarly situated should be treated alike." *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir.), *cert. denied*, 549 U.S. 1059 (2006); *Grace United Methodist Church v. City of Cheyenne*, 427 F.3d 775, 792 (10th Cir. 2005). Plaintiff fails to allege any facts to establish the essential elements of an equal protection claim. *See Rider v. Werholtz*, 548 F.Supp.2d 1188 (D.Kan. 2008)(citing *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996)); *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). He does not allege that he was treated differently than other inmates because he belongs to a suspect class; and his allegations of being "similarly situated" to other inmates who were treated differently are nothing but bald statements. In addition, he alleges no facts showing that any "difference in treatment was not 'reasonably related to legitimate penological interests.'" *Fogle*, 435 F.3d at 1261 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Unless plaintiff alleges additional facts to establish these essential elements, his

13

equal protection claims will be dismissed.

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ON CLAIMS RAISED**

Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id*. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[6] While failure to exhaust generally is an affirmative defense and a plaintiff is not required to plead it in the complaint, when the failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. §

---

[6] The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures." *Id.* at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . . . " *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002)).

14

1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

Mr. Marks generally alleges that he has attempted to exhaust administrative remedies and generally refers to the numerous exhibits of inmate grievances attached to his complaint. The court finds that it appears from plaintiff's complaint and exhibits that he has not exhausted administrative remedies on any of the specific claims raised in his complaint. None of the attached grievances shows that he fully and properly exhausted the claim that he was prescribed and then denied Tylenol 3,[7] that he was denied constitutional due process or equal treatment in connection with his placement in disciplinary or administrative segregation,[8] or that he has actually been denied access to the courts in connection with a pending non-frivolous lawsuit. Several grievances included requests for his "medical file," which has not been required by this court; or for the equal privilege of a television set in ad seg, which

---

[7] The grievances do not include a request by Mr. Marks that he be provided the Tylenol 3 prescribed by Dr. Tyi; or the claim that he was denied Tylenol 3 due to his negative inmate account balance. They do show that he was directed to specify the treatment being denied and advised that he was not being denied any necessary treatment due to his negative balance.

[8] In one grievance (Exh. I) plaintiff complained that he was placed in administrative lockdown without paperwork and notice of his rights or time for a hearing. However, the response by Sgt. Bilslend provided that Bilslend "personally furnished (Mr. Marks) with the incident report" on October 6, 2013, and explained the steps required for him to initiate a hearing. In another grievance, plaintiff complained of being placed in ad seg without reasons or a hearing. There are no facts indicating that this was improper or a different process than that provided to "similarly situated" inmates.

is not relevant to the claims raised herein. In some grievances, plaintiff did not request any relief other than an investigation. In others, he asked for "legal copies" and envelopes to mail court motions but did not specify a pending court case for which these materials were required. He also asked for copies of all grievances he had filed and was reminded that he received a copy with the responses. It is an inmate's responsibility to prepare and maintain copies, even if they must be handwritten, of grievances as well as pleadings submitted by him. In one grievance, plaintiff asked that his "legal correspondence" be mailed to the clerk of this court.[9] No grievance is attached in which plaintiff alleged facts indicating that he would be or had been actually prejudiced and therefore denied access to this or another court in a specific pending lawsuit. Plaintiff is given time to show that he has fully and properly exhausted administrative remedies on all claims raised in the complaint.

**OTHER MOTIONS**

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 4) and finds that it should be denied. There is no constitutional right to appointment of counsel in a civil rights action. The matter is within the court's discretion. In this case,

---

[9] The respondent to this grievance, whose signature is illegible, incorrectly responded that mail to this court is not "legal mail" and that the only "legal mail" is that between a detainee and the attorney in charge of the case that is holding the detainee in the jail.

plaintiff appears capable of alleging facts in support of claims if they exist, which is all that is expected of a pro se litigant. His efforts at providing legal authority have thus far not been helpful and, in any event, are not required.

The court has considered plaintiff's Motion for Hearing (Doc. 6), and finds that it should be denied. A plaintiff in a civil rights action is not entitled to a hearing before the requisite screening process has been favorably completed. If plaintiff cures the deficiencies in his complaint, and the court determines that a hearing is required, it may set a hearing at that time.

The court has considered plaintiff's "Motion for Declaratory Injunction" (Doc. 5) and materials docketed as his Supplement to this motion (Doc. 7). In this motion, plaintiff alleges that he has "no way" to purchase paper, pencils, pens, large envelopes or postage to mail documents to this court in this lawsuit. These allegations are plainly contradicted by the fact that plaintiff has mailed numerous pages of written documents to this court in this case, including 15 pages after the instant motion was filed.

In this motion, plaintiff newly alleges that "as of November 2013" defendants Bush, Lane and Weis "implemented a rule handbook that states 'privileged mail' consists of mail from the inmate's attorney of record only." He claims that he must now leave his "outgoing mail" that is not to his attorney of record "open even though its contents are legal," and asserts that this results in an

17

illegal search and seizure.  Plaintiff has not properly raised these new claims simply by making allegations in this motion.  Instead, in order to add claims to his complaint, Mr. Marks must file a complete Amended Complaint upon court-approved forms.  Once an Amended Complaint is filed, it completely supersedes the original complaint, and the original complaint is no longer before the court.  It follows that in an Amended Complaint, plaintiff may not simply refer to his original complaint but must include all allegations and claims in the Amended Complaint that he wishes to have before the court.  At this juncture, only those claims raised in the original complaint are properly before this court.  Plaintiff's request in this motion for an order directing defendants to provide legal supplies is redundant and unnecessary, given that this relief was already requested in the complaint.

In his "Annex Motion for Declaratory Injunction" (Doc. 7), plaintiff makes different allegations regarding his claim of denial of access.  He alleges that defendants Bush, Lane and Weis do provide envelopes, though they are not large enough, as well as paper, postage, and legal copies to indigent inmates.  As the court has noted, plaintiff has managed to submit many exhibits and motions, many unnecessary, and has alleged no facts showing that any non-frivolous lawsuit filed by him has been impeded by the alleged limitations on legal materials.  Plaintiff repeats many of the allegations from his complaint in this motion that were already

18

addressed in this Memorandum and Order. The court repeats that any claims that were not raised in the complaint must be presented in an Amended Complaint before they will be considered. Plaintiff's demands for access to certain websites, an e-reader, micro SD cards, a hole-punch, binding combs, and color cover stock are patently frivolous and not supported by allegations showing denial of access. This motion and supplement for preliminary injunctive relief are frivolous and abusive, and the motion is denied.[10]

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed without Prepayment of Fees (Doc. 2) is granted. Plaintiff is hereby assessed the full filing fee of $350.00 to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The finance officer of the facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee,

---

[10] Plaintiff's attached "Subpoena" (Doc. 7, pgs. 8 – 14) is not a proper filing, and is premature at this time. No action will be taken upon this document. Plaintiff has also attached a letter to the undersigned judge. It is inappropriate for a party to communicate directly with the judge assigned to his case. All materials must be sent in the form of pleadings or motions to the Clerk of the Court. No action will be taken on this letter (Doc. 7, pg. 14). Plaintiff is directed to refrain from submitting any additional redundant or frivolous motions and documents.

including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 4), Motion for Declaratory Injunction (Doc. 5) with Supplement (Doc. 6), and Motion for Hearing (Doc. 6) are denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to cure the deficiencies in his complaint that have been discussed herein.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 2nd day of January, 2014, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge